STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-303
TDW - CUM- 7/22/2011

JOSEPH C. GALLETTA,

Plaintiff,

v.

ORDER

ARTHUR W. MCLEOD, et al

Defendants.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 22 2011

**RECEIVED**

Before the court is plaintiff Joseph Galletta's motion for a temporary restraining order reinstating him as the General Manager at Casco Bay Motors. The court has reviewed plaintiff's original submissions in support of the motion, the submissions of defendants in opposition to the motion, and plaintiff's reply papers.

A party seeking a TRO or preliminary injunction has the burden of demonstrating (1) that he will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) that he has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) that the public interest will not be adversely affected by granting the injunction. Bangor Historic Track, Inc. v. Department of Agriculture, 2003 ME 140 ¶ 9, 837 A.2d 129, 132. Failure to meet any one of these criteria requires that injunctive relief be denied. Id., 2003 ME 140 ¶ 10, 837 A.2d at 132-33.

Galletta's request for temporary injunctive relief falls short on at least two counts. First, Galletta has failed to demonstrate any irreparable injury, which is a prerequisite to injunctive relief. His claim that Casco Bay Motors will decline in value if

he is not reinstated as General Manager, which is based solely on his own opinion as to the value of his services, has been more than adequately controverted by the affidavits submitted by defendants. On this record, Galletta has not established that, if he is not reinstated, the value of Casco Bay Motors is likely to decline to the point where his ability to recover damages (if he prevails) would be jeopardized. Accordingly, Galletta has an adequate remedy at law in the form of money damages for any alleged contractual breaches by defendant Arthur McLeod.

Second, Galletta has not shown a likelihood of success (either a probability or a substantial possibility) on the merits of his claim for reinstatement as General Manager. Galletta's contention that he has a contractual right not to be terminated as General Manager is based on the following bullet point in a November 2005 Working Agreement between Galletta and defendant Arthur McLeod: "no income changes for partners without written approval by both partners." Whether or not the Working Agreement constitutes a valid shareholders' agreement,[1] the quoted language does not constitute either an express or an implied agreement that Galletta cannot be removed as General Manager, particularly where section 8.5 of the Stock Purchase Agreement expressly contemplates the cessation of Galletta's employment "for . . . any reason whatsoever."

At best, the above language in the Working Agreement constitutes an undertaking that Galletta's income will not be changed, at least so long as he remains a "partner." Presumably this would mean either as long as he remains employed by

---

[1] Galletta argues that shareholder agreements are recognized by Maine law, citing 13-C M.R.S. § 741, although the Working Agreement does not constitute either a voting trust or voting agreement as contemplated by that section.

2

Casco Bay Motors or as long as he remains a shareholder.[2] This provision may give Galletta a claim for money damages, but as to any such damages Galletta has an adequate remedy at law as set forth above. This provision does not give Galletta a guarantee of continued employment as General Manager.

The entry shall be:

Plaintiff's motion for a TRO is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July **22**, 2011

_____
Thomas D. Warren
Justice, Superior Court

---

[2] The court leaves to another day whether and to what extent partnership law might apply. However, a partnership at will may be dissolved at any time.

3

STATE OF MAINE
CUMBERLAND, ss.

JOSEPH C. GALLETTA,

Plaintiff,

v.

ARTHUR W. MCLEOD, et al

Defendants.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-303
TDW - CUM - 6/6/2012

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 07 2012

RECEIVED

Before the court are two motions: (1) a motion for partial summary judgment by defendant Casco Bay Motors on Count VI of its counterclaim and (2) a motion by plaintiff Joseph Galletta to stay Count VI of Casco Bay's counterclaim pending arbitration.

The motion for a stay pending arbitration will be considered first because, if granted, it will make unnecessary to decide the motion for partial summary judgment by Casco Bay Motors. In addition, Galletta has recently filed a motion for leave to supplement his opposition to the summary judgment motion and defendants have not yet had an opportunity to respond to that motion.

1. Motion for Stay Pending Arbitration

Count VI of Casco Bay Motors's counterclaim involves the interpretation and enforcement of a Stock Purchase Agreement entered into between Galletta and defendant Arthur McLeod on November 1, 2005. There is a dispute as to whether Casco Bay Motors is a party with standing to enforce that agreement, but McLeod was the President and sole shareholder of Casco Bay Motors at the time and – in addition to

signing the agreement in his individual capacity – signed the agreement as "seen and agreed to" on behalf of Casco Bay Motors. The Stock Purchase Agreement contains an arbitration clause covering "any controversy or claim arising out of or relating to a . . . claim of breach or non-performance of this Agreement or any agreement entered into in connection herewith." Stock Purchase Agreement § 9.14(a).

The argument raised by Casco Bay Motors in opposition to Galletta's motion for a stay pending arbitration is that Galletta has waived his right to invoke the arbitration clause. While doubts are to be resolved in favor of arbitration and waiver is not to be lightly inferred, waiver may be found when the party seeking arbitration has undertaken a course of action that is inconsistent with its present reliance on a contractual right to arbitrate. Saga Communications of New England Inc. v. Voornas, 2000 ME 156 ¶¶ 11-12, 756 A.2d 954.

2.   Procedural History

This case was initiated by Galletta, who filed a five count verified complaint on July 8, 2011. The complaint contains numerous factual allegations concerning the Stock Purchase Agreement and a Working Agreement which had been entered into between Galletta and McLeod at the same time as the Stock Purchase Agreement. Verified Complaint ¶¶ 6-14, 16-20.

The Stock Purchase Agreement set forth a mechanism whereby Galletta would, in stages, purchase McLeod's stock interest in Casco Bay Motors. The Stock Purchase Agreement also contained a provision that if Galletta ceased to be employed at Casco Bay Motors, Casco Bay Motors could buy back all of Galletta's shares at a specified price. Stock Purchase Agreement § 8.5.

2

As of July 5, 2011 Galletta had purchased approximately slightly more than one-quarter of McLeod's Casco Bay Motors stock and was employed as the General Manager of Casco Bay Motors.

In Counts I and II of his complaint Galletta contended that McLeod had breached the Working Agreement by terminating Galletta as General Manager on July 6, 2011. Verified Complaint ¶¶ 31-33, 36-38. In Count III of his complaint Galletta contended that he was entitled to enforce the Stock Purchase Agreement and to purchase McLeod's remaining shares notwithstanding his purported termination. Id. ¶¶ 41-42. In that same count Galletta also contended that, under the circumstances, it would be inequitable for Casco Bay Motors to be able to invoke the buy back provisions of the Stock Purchase Agreement. Id. ¶ 44. On all three of those counts Galletta sought restitution and damages, including punitive damages, as well as declaratory and injunctive relief.

At the same time as he filed the complaint Galletta sought a TRO seeking reinstatement as General Manager. The court denied the TRO motion. In reaching that decision the court interpreted both the Working Agreement and the Stock Purchase Agreement, concluding that the Working Agreement did not preclude Galletta's termination as General Manager and that the Stock Purchase Agreement expressly contemplated the possible cessation of Galletta's employment "for . . . any reason whatsoever." July 22, 2011 Order at 2.

Thereafter McLeod and Casco Bay Motors answered Galletta's complaint and asserted counterclaims against Galletta. McLeod's counterclaim, dated August 17, 2011, sought declaratory relief determining that Galletta has no further right to purchase his shares and that Casco Bay Motors has the right to buy back all of Galletta's stock. Casco

3

Bay Motors's counterclaims, dated August 18, 2011, included a counterclaim for declaratory relief determining that it has the right to buy back all of Galletta's shares.

On August 30, 2011, acting pursuant to § 8.5 of the Stock Purchase Agreement Casco Bay Motors invoked the procedure to buy back all of Galletta's stock. Galletta did not tender his shares nor did he request arbitration. Moreover, in his Replies to the counterclaims filed by McLeod and Casco Bay Motors, dated September 7, 2011, Galletta did not raise any defense that either McLeod's or Casco Bay's counterclaims required arbitration.

In November 2011 Galletta amended his complaint, making what he described as minor changes.[1] In late December 2011 Casco Bay Motors answered the Second Amended Complaint, re-asserted the same counterclaims it had previously filed, and filed a motion for partial summary judgment on Count VI of its counterclaims – the count which sought declaratory relief that Galletta was obligated to sell all the shares he had purchased back to Casco Bay.

In his Reply to Casco Bay's Counterclaim, dated January 4, 2012, Galletta again did not raise any defense that the issues in the counterclaim required arbitration.[2] In his opposition to Casco Bay's summary judgment motion, dated January 19, 2012, Galletta for the first time raised the arbitration issue but did so in a single sentence in a 20-page pleading that otherwise opposed Casco Bay's motion on the merits. See Plaintiff's Objection to Motion for Summary Judgment at 2-3.

---

[1] See Motion to Amend, dated November 22, 2011. Because Galletta made one correction before the motion was granted, the resulting pleading is captioned as the "Second Amended Complaint."

[2] As far as the court can tell, Galletta has never filed a Reply to the counterclaims asserted in McLeod's amended answer although it is obvious from his other pleadings and his response to Casco Bay's counterclaim that he opposes McLeod's counterclaim as well.

4

Finally, in a filing by new counsel on February 17, 2012, Galletta moved for a stay pending arbitration but sought the stay and arbitration only with respect to Count VI of Casco Bay's counterclaims. Galletta has not sought arbitration with respect to any of his claims or with respect to any of the other counterclaims asserted by Casco Bay.

### 3. Discussion

Saga Communications of New England Inc. v. Voornas, 2000 ME 156, and the cases cited therein demonstrate that implied waivers of arbitration are found when (1) before seeking arbitration, the party requesting arbitration has filed a motion for summary judgment or has otherwise litigated the court case on the merits or (2) when there has been an inordinate delay in requesting arbitration and the opposing party has been prejudiced thereby or (3) when the party requesting arbitration was the party who initiated the lawsuit and has not limited its request to provisional remedies not available in arbitration. See, e.g., 2000 ME 156 ¶¶ 9, 12-13, 16-17; Doctor's Associates Inc. v. Distajo, 107 F.3d 126, 131-32, 134 (2d Cir. 1997); Kramer v. Hammond, 943 F.2d 176, 179-80 (2d Cir. 1991).

This case falls into the third category. Galletta initiated this litigation. At least three of the counts in his complaint involved controversies or claims "arising out of or relating to" alleged breach or non-performance of either the Stock Purchase Agreement or the Working Agreement, which was an agreement "entered into in connection [with the Stock Purchase Agreement]." As a result, those claims would clearly have been subject to arbitration under section 9.14(a) of the Stock Purchase Agreement if Galletta had chosen to invoke that remedy.

Although Galletta sought provisional relief in this case, he did not accompany his application for provisional relief with a demand for arbitration. Compare Saga

5

Communications, 2000 ME 156 ¶ 13 (filing of complaint with request for TRO does not necessarily involve litigation of substantial issues going to the merits, particularly when request for injunctive relief is contemporaneous with arbitration demand). Nor did Galletta limit his request for judicial relief to provisional remedies that would not have been available in arbitration. Instead, he sought restitution and damages, including punitive damages, from the court, thereby evidencing a decision to bypass arbitration.

Galletta only moved for a stay pending arbitration in February 2012, seven weeks after Casco Bay Motors had moved for summary judgment on Count VI of its counterclaim and a month after Galletta had opposed Casco Bay's summary judgment motion on the merits. By this point, if not before, Galletta was already engaged in substantial litigation going to the merits.

Perhaps as importantly, Galletta also never sought arbitration until after this court had not only denied his request for a TRO but had construed the Working Agreement and the Stock Purchase Agreement in a manner that was contrary to the interpretation sought by Galletta. The court acknowledges that there is generally a strong public policy in favor of arbitration but that is not intended to provide a litigant with an opportunity to relitigate issues in different forums, especially when the litigant seeking arbitration may be "running from an unfavorable result in the courts." Saga Communications, 2000 ME 156 ¶ 19.

Finally, Galletta's request for arbitration seeks a stay only as to Count VI of Casco Bay Motors's counterclaim. Galletta is not seeking a stay of the other claims in this action, both those he himself asserted in the complaint and the Second Amended complaint and those asserted in the other counts of the counterclaim. In the particular circumstances of this case, given the interlocking nature of the claims, the court has

6

difficulty in envisaging how one issue can be submitted in arbitration and all other issues left for judicial determination.

### 4. Casco Bay Motors Motion for Partial Summary Judgment

As noted above, plaintiff has recently filed a motion for leave to supplement his opposition to Casco Bay Motors's motion for partial summary judgment based on a claim of newly discovered evidence. In light of that motion, to which counsel for Casco Bay Motors has not had an opportunity to respond, the court will not address the pending motion for partial summary judgment until after all parties have been heard (1) on whether plaintiff should be granted leave to supplement his opposition and (2) on the effect of the additional factual submission to be offered by plaintiff if plaintiff is in fact granted leave to supplement.

The entry shall be:

Plaintiff's motion for a stay pending arbitration on Count VI of the counterclaim filed by Casco Bay Motors is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June __6__, 2012

Thomas D. Warren
Justice, Superior Court

7

HAROLD FRIEDMAN ESQ
SEAN MAGENIS ESQ
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
PO BOX 4726
PORTLAND ME 04112

*Of Casco Bay
Ford &
McLeod*

PHILLIP JOHNSON ESQ
JOHNSON & WEBBERT
PO BOX 79
AUGUSTA ME 04332-0079

*P*

TIMOTHY NORTON ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

*Of Casco Bay
Ford*

*Of McLeod*

GERALD PETRUCCELLI ESQ
BRUCE MCGLAUFLIN ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555